# SUPREME COURT.

GEORGE LABATUT, as the trustee for JOSEPHINE DELATOUR during her life-time and for her issue after her death, agt. JOSEPHINE DELATOUR and others.

*Trustee of lands — lease with proviso that tenant improve the premises — application by a trustee for directions.*

Where real estate was conveyed to a trustee to receive the rents and income thereof, to pay therefrom the taxes which should be imposed thereon, and the expenses and charges necessary to keep the premises, which were improved, insured against loss by fire, and such as should be necessary to keep the premises in repair, and to apply the balance " to the care of Josephine Delatour during her natural life, and upon her decease, to convey the premises to her lawful issue, then living, in fee simple; " and it appearing that the buildings upon the premises have been demolished and removed by the " department of public buildings " as dangerous:

*Held,* that the allegations of the complaint authorizes a judgment directing the making, by the trustee, of a lease of the premises for a term sufficiently long to justify the tenant to build upon the property, with a provision for the payment to him for the improvements at the expiration of his term, or for the granting of a further term upon the condition that the tenant leave the improvements on the premises, without compensation, at the end of the extended term.

*Special Term, March, 1877.*

DEMURRER to complaint.

Action by a trustee under a deed for permission to sell and convey real estate, or for liberty to raise money thereon by mortgages, to improve the same by erecting new buildings thereon in the place of those which were old and dilapidated,

or that he be allowed to let the same for a long term, upon condition that the tenant should improve the same.

*Albert Matthews,* for defendants, Josephine Delatour and others, in support of the demurrer.

*F. Byrne,* for plaintiff, opposed.

VAN VORST, *J.*— The real estate in question was conveyed to the plaintiff by John M. J. Labatut, in trust, " to receive the rents, issues and income thereof, and after deducting and paying thereout the taxes that shall be imposed thereon from time to time, and such amount as shall be necessary to keep the premises insured against loss or damage by fire, to such amount as he shall deem proper, and to keep the premises in repair, to apply the balance that shall remain to the use of Josephine Delatour during her natural life, and upon her decease, to convey said premises above described to her lawful issue then in being in fee simple." The buildings upon the premises having become old and dilapidated, were considered as dangerous by the department of public buildings, and have been, under its direction, demolished and removed, and the premises are now unimproved.

The plaintiff, by his complaint, asks as relief that he may sell and convey the premises, or raise by a mortgage thereon, to be executed by himself, the defendant Josephine Delatour and her adult children, a fund sufficient to erect buildings and improvements upon the land, or that he be authorized to lease the premises to a responsible tenant, for such period of time as may be agreed, upon the condition among other things, that the tenant shall erect buildings and improvements upon the lands, the improvement to be paid for at the expiration of the term, or that a new term may be created for additional years, in consideration of which the tenant will waive payment for the improvements, and leave the same on the premises. The complaint avers that the defendant Josephine Delatour, who

is entitled for life to the rents and income, concurs in the propriety of either course suggested.

I do not think that any judgment should be made for the sale of the premises. It would not be in furtherance of the trust. In no event, however, are facts stated which would justify such conclusion, as far as the infant defendants are concerned.

With respect to the making of leases for a reasonable term the plaintiff has, without doubt, the legal right to dispose of the property in that way, in the usual manner, without any aid from the court. He has the legal title (*Perry on Trusts*, sec. 484; *Newcomb* agt. *Kettletas*, 19 *Barb.*, 613, 630).

But the execution of a lease of the character above indicated, for a term sufficiently long to justify the tenant to build upon the property and with a provision for the payment to him for the improvements at the expiration of the term, or for the granting of a further term upon the conditions above suggested, may well require the sanction of the court in justification, after hearing of the parties interested in the trust estate. A trustee may well hesitate before entering into such exceptional arrangement, unless justified by a judgment of the court.

Application to such ends are not disfavored (*Hedges* agt. *Riker*, 5 *John. Chy.*, 163; *Horspool* agt. *Davis*, 6 *Bos.*, 581).

In view of the facts set forth in the complaint, that the defendant Josephine Delatour, entitled to the rents, concurs in the propriety of this suit and application in her own behalf, and that of her children, I cannot conclude, as the demurrer suggests, that no cause of action is disclosed.

It should be left to be disposed of on the hearing, upon all the facts and circumstances then appearing, as to whether or not the plaintiff should be allowed to make the lease asked for, and if so, the terms thereof, or whether he should be allowed to raise funds by mortgage for the improvement of the land, as demanded in the complaint.

The case can be best disposed of after the defendant shall have answered on the merits, when the matters suggested by

Labatut agt Delatour and others.

the learned counsel for the defendant in his argument, as to the plaintiff's conduct and action, will be considered.

I do not think the contingent remaindermen, who are not and cannot now be known, are necessary parties to this action.

The demurrer is overruled, with liberty to the plaintiff to answer on the usual terms.